1820.

MYERS
v.
BRADFORD.

### MYERS *against* BRADFORD and others.

There is no precise time for filing exceptions to the *report* of a Master on the insufficiency of an answer, as it does not require confirmation.

On filing the report, the plaintiff may immediately sue out a *subpœna*, for a better answer, and for costs; and if the defendant does not file exceptions to the report, and obtain an *order* for setting them down for hearing, within *eight* days from the service of the subpœna, the plaintiff may sue out an *attachment;* after which, the defendant cannot except to the report.

*April* 18th
and *June* 13th.

PETITION of the plaintiff, stating, that the defendant, *B.*, put in his separate answer, the 24th of *December*, 1819, to the plaintiff's bill. That notice of exceptions to the answer was served on the agent of the plaintiff's solicitor, on the 14th of *January* last. Sixteen days having expired, and no notice of submitting to answer the exceptions being received, an order was entered on the 31st of *January*, referring the exceptions to a Master residing at *Poughkeepsie*, in *Dutchess* county. That *I. Hooker*, the Master, summoned the defendant (who lives in the city of *New-York*) to appear at the hearing, on the 11th of *February*, which summons was duly served on the defendant's solicitor, the 4th of *February*. That the defendant not appearing at the day appointed, the Master proceeded to hear the exceptions *ex parte*, and decided that they were well taken. This report was filed four days thereafter, and a subpœna for further answer served on the 22d of *February*. On the 6th of *March*, the defendants, on petition, obtained an *order*, that the defendants have *four* weeks, from the 3d of *March*, to except to the Master's report, instead of answering the exceptions, and that, in the mean time, the question of costs, upon the exceptions, be reserved. That this order

was obtained without notice, and was irregular. That being ignorant of the order of the 6th of *March*, the plaintiff, on petition, which was served on the defendant's solicitor, obtained an order, on the 20th of *March*, that the defendant pay the costs of the exceptions, and the proceedings subsequent, to compel a further answer; which order was taken, without any opposition, and the notice of taxation for the 31st of *March*, served. On the 25th of *March*, the plaintiff's solicitor first received a copy of the order of the 6th of *March*, which had not been served on his agent. That on the 30th of *March*, the defendant obtained another order, *ex parte*, without notice, enlarging the time for excepting to the report twelve days. The plaintiff prayed that the orders of the 3d and 20th of *March*, obtained by him, might be confirmed; and that the *ex parte* orders of the defendants, of the 6th and 30th of *March*, might be vacated, and that the defendants pay the costs of the application.

After reading the affidavit of the defendants' solicitor, an order was entered, *April* 18th, 1820, ordering that the further consideration of the motion be postponed to the first day of the next term of this Court, " *to the end*, that the hearing of the exceptions to the Master's report may be brought on, and the same be considered in connection with this motion."

The questions arising on this order, were argued by *P. Ruggles*, for the plaintiff; and by

*Griffin*, for the defendants.

THE CHANCELLOR. The orders of the 6th and 30th of *March* last, were irregular, as they were obtained *ex parte*, without notice. The defendants were in default, (1.) In not appearing before the Master on the 11th of *February*; and, (2.) in not excepting to the Master's report prior to

*Margin notes:*

1820.

MYERS
v.
BRADFORD.

*April* 18th.

*June* 13th.

the 30th of *March.* The *English* practice appears to be, (*Hinde,* 272, 273. *Newland's Pr.* 175.) that with respect to exceptions to a report which does not require confirmation, as on the insufficiency of an answer, there is no precise time for filing them. Upon filing the report, the plaintiff may immediately sue out a subpœna for a better answer and for costs; and if the defendant does not file exceptions, and obtain an order for setting them down within eight days from the service of the subpœna, the plaintiff may sue out an attachment; after which the defendant cannot except to the report.

The exceptions to the report, assuming them to have been filed in season, were not well taken. The answers were not sufficiently precise and full, and did not meet and answer all the circumstances from whence a fraudulent combination was to be inferred. The exceptions to the report are, consequently, overruled, and the defendants must, within fourteen days, answer the exceptions to the answers which have been allowed by the Master, and pay the costs accruing to the plaintiff since filing the said exceptions, or that an attachment issue.

                                                 Order accordingly.